United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-34656 |
| ALL TEXAS ELECTRICAL CONTRACTORS, INC., | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| ALL TEXAS ELECTRICAL CONTRACTORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-3287 |
| | § | |
| NSPS METALS LLC | § | |
| and | § | |
| AMERICAN COMMERCIAL CONTRACTORS, LLC | § | |
| and | § | |
| JAMES ROZMAN | § | |
| and | § | |
| DENHAM-BLYTHE COMPANY, INC. | § | |
| and | § | |
| SUSAN ROZMAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Denham-Blythe Company, Inc. seeks dismissal of All Texas Electrical Contractors, Inc's amended complaint for failure to state a claim based on the application of the economic loss rule. Denham-Blythe Company, Inc. further asserts that it did not owe a duty to All Texas Electrical Contractors, Inc. under the Texas Construction Fund Act, nor did it breach that duty by misapplying trust funds. Finally, Denham-Blythe Company, Inc. maintains that it did not owe a fiduciary duty to All Texas Electrical Contractors, Inc. On September 27, 2021 the Court held a hearing and took the matter under advisement. For the reasons stated herein, the Court grants Denham-

Blythe Company, Inc.'s Motion to Dismiss. All Texas Electrical Contractors, Inc.'s claims for: (1) negligent hiring and supervision; (2) violations of the Texas Property Code § 162 et. seq.; and (3) breach of a fiduciary duty as against Denham-Blythe Company are dismissed with prejudice.

## I. BACKGROUND

The instant dispute arises out of the construction of a multimillion-dollar steel processing facility in Houston, Texas in which NSPS Metals, LLC ("*NSPS*") hired Denham-Blythe Company, Inc. ("*Defendant*") as its project manager.[1] While searching for a location to construct the facility, NSPS entered into negotiations for 14.297 acres of real property in Harris County, Texas.[2] As a condition of the real property sale, NSPS was required to hire American Commercial Contractors, LLC ("*ACC*") as its general contractor.[3] Prior to engaging ACC, Defendant advised NSPS against hiring ACC due to its previous history of, inter alia, not paying its subcontractors.[4] Nonetheless, on or about February 15, 2019, the parties reached an agreement and a general warranty deed was conveyed to NSPS.[5]

All Texas Electrical Contractors, Inc., ("*Plaintiff or ATE*"), is an electrical construction contractor organized as a Texas corporation.[6] On or about June 3, 2019, Plaintiff entered into a lump sum subcontractor agreement ("*Subcontract*") with ACC in the amount of $915,405.00 to provide labor and materials, including but not limited to exterior lighting, interior lighting, pole lights, general electrical, electrical service, fire alarm and design services ("*Project*").[7] Plaintiff pled that it timely performed its obligations pursuant to the Subcontract and timely submitted its

---

[1] ECF No. 56 at 4, ¶ 3.
[2] *Id*. at 5, ¶ 5.
[3] *Id*. at 5, ¶ 6.
[4] *Id*. at 5, ¶ 7.
[5] *Id*. at 5, ¶ 5.
[6] *Id*. at 3, ¶ 3, at 6, ¶ 10.
[7] *Id*. at 6, ¶ 11.

pay applications to ACC.[8] Plaintiff further pled that ACC "slow-paid" Plaintiff's invoices before ceasing payment altogether.[9] As of the date of the filing of the bankruptcy petition, Plaintiff maintains that it was still owed $586,496.15 from ACC.[10]

On September 25, 2020, ATE filed a voluntary petition under Chapter 11 Subchapter V of the Bankruptcy Code.[11] On April 29, 2021, Plaintiff initiated an adversary proceeding by filing a complaint ("*Initial Complaint*") against Denham-Blythe Company, Inc., ("*Defendant*"), NSPS, ACC, and James Rozman.[12] Defendant filed a motion to dismiss ("*First Motion to Dismiss*") the Initial Complaint on June 3, 2021.[13] Plaintiff then filed an amended complaint ("*Amended Complaint*") on June 22, 2021 against the same parties.[14] Defendant filed the pending motion to dismiss on July 6, 2021[15] ("*Motion to Dismiss*") and Plaintiff filed its response to the motion to dismiss ("*Response*") on August 10, 2021.[16] On August 24, 2021, Defendant filed both a reply and an amended reply in support of the motion to dismiss ("*Reply*").[17] On September 27, 2021 the Court held a hearing on the Motion To dismiss.[18]

## II. JURISDICTION AND VENUE

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11." An adversary proceeding falls within the Court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate

---

[8] *Id*. at 6, ¶ 13.
[9] *Id*. at 7, ¶ 15, 17.
[10] *Id*. at 7, ¶ 17.
[11] Bankr. ECF No. 1.
[12] ECF No. 1.
[13] ECF No. 24.
[14] ECF No. 56.
[15] ECF No. 67.
[16] ECF No. 107.
[17] ECF Nos. 115, 116.
[18] ECF No. 129.

being administered in bankruptcy."[19]  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[20]  This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) & (H) this adversary proceeding involves primarily core matters as it "concern[s] the administration of the estate and proceedings to avoid and recover preferences and fraudulent conveyances."[21]

Furthermore, this Court may only hear a case in which venue is proper.[22]  Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  Debtor's main Chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

### III.  ANALYSIS

**A. Standard of Review for Motions to Dismiss Under Federal Rules of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear two hurdles.  First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it.[23]  "[A] formulaic recitation of the elements of a cause of action will not do."[24]  Specifics are unnecessary, but some facts must support each element.[25]  Second, the complaint must state a claim "plausible on its face,"[26] meaning the plaintiff's right to relief must

---

[19] *In re Trevino*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987).
[20] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[21] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[22] 28 U.S.C. § 1408.
[23] *See* FED. R. CIV. P. 8(a) (made applicable by Fed. R. Bankr. P. 7008).
[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[26] *Twombly*, 550 U.S. at 570.

rise above a "speculative level."[27] Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[28] In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct."[29] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[31]

Motions to dismiss are disfavored and thus, rarely granted.[32] When considering a motion to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally construe the complaint in favor of the plaintiff.[33] This Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the Plaintiff."[34] When considering a motion to dismiss under Rule 12(b)(6), the Court must assess the legal feasibility of the complaint, not weigh the evidence that might be offered in its support.[35] The Court's consideration "is limited to facts stated on the face of the complaint and in the documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken."[36] And although this Court "will not strain to find inferences

---

[27] *Id.* at 555.
[28] FED. R. CIV. P. 8(a).
[29] 556 U.S. at 679 (quoting Rule 8(a)(2)).
[30] *Id.* at 678.
[31] *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).
[32] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).
[33] *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).
[34] *Stokes v. Gann*, 498 F. 3d 483, 484 (5th Cir. 2007) (per curiam).
[35] *Koppel v. 4987 Corp.,* 167 F.3d 125, 133 (2d Cir. 1999).
[36] *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993).

favorable to the plaintiff[],"[37] the facts need only be sufficient "for an inference to be drawn that the elements of the claim exist."[38] To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.

### B. Defendant's Motion to Dismiss

In its Amended Complaint, Plaintiff brings fifteen causes of action against ACC, NSPS, Denham-Blythe Company, and James Rozman. Against Defendant Denham-Blythe Company, specifically, Plaintiff only asserts the following three claims: (1) Cause A — Negligent Hiring and Supervision; (2) Cause J — Violation of the Texas Property Code § 162 et seq.; and (3) Cause L — Breach of Fiduciary Duty. Defendant, in its Motion to Dismiss, seeks dismissal of all three of these claims, asserting that: (1) recovery for Cause A is barred by the economic loss rule; (2) Plaintiff failed to adequately plead that Defendant acted as a trustee and that Defendant misappropriated trust funds as required by Cause J; and (3) that Plaintiff has not adequately plead breach of a fiduciary duty Defendant owed to Plaintiff under Cause L. The Court will discuss each in turn.

#### 1. The economic loss rule bars Plaintiff's negligent hiring and supervision claim

Plaintiff's Cause A asserts a claim against Defendant for "Negligent Hiring and Supervision."[39] To establish a claim for negligent hiring, Plaintiff must prove the following elements: (1) a duty to hire competent employees; (2) an employer's breach of the duty; and (3) that the employer's breach of the duty proximately caused the damages sued for.[40] For this claim, the basis of responsibility is the employer's negligence in hiring an incompetent employee who the employer knew or, in the exercise of ordinary care, should have known was incompetent or unfit, and thereby

---

[37] *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).
[38] *See Harris v. Fidelity Nat'l Info. Serv* (*In re Harris*), Nos. 03-44826, 08-3014, 2008 Bankr. LEXIS 1072 at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing *to Walker v. South Cent. Bell Tel. Co*., 904 F2d 275, 277 (5th Cir. 1990)).
[39] ECF No. 56 at 8.
[40] *Chevron Thail. Expl. & Prod., Ltd. v. Taylor*, No. 14-18-00540-CV, 2019 Tex. App. LEXIS 10426, at *9 (Tex. App.—Houston [14th Dist.] Dec. 3, 2019)

created an unreasonable risk of harm to others.[41] Similarly, to prevail on a claim for negligent supervision, a plaintiff must prove (1) the defendant owed plaintiff a legal duty to supervise its employees; (2) the employer breached the duty; and (3) the breach proximately caused the plaintiff's injuries.[42]

Here, Plaintiff contends that Defendant had "an implied duty not to harm [Plaintiff]" that was "independent of any contractual obligations."[43] Plaintiff argues that Defendant breached that duty by: (1) "fail[ing] to adequately inquire into the competence and qualifications of ACC before engaging ACC as Defendant's general contractor"; (2) "engag[ing] ACC as its general contractor when Defendant knew or should have known that ACC lacked the professional and financial competency to properly [sic] perform"; (3) "failing to require that ACC post payment or performance bonds, or other security, to protect unpaid subcontractors" after having engaged ACC; (4) failing to exercise reasonable care in assuring that ACC was paying its subcontractors; (5) failing to "replace ACC as general contractor once Defendant knew or should have known that ACC was mishandling construction payments"; and (6) "pay[ing] ACC even when Defendant knew ACC was not paying its subcontractors."[44]

However, in its Motion to Dismiss, Defendant does not discuss any of the alleged breaches raised by Plaintiff but instead asserts that the economic loss rule bars Plaintiff's negligent hiring and supervision claim.[45] The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."[46] "In operation,

---

[41] *Law Firm of Donald Wochna, LLC v. Am. Frontier Mgmt., LLC*, No. 03-17-00489-CV, 2018 Tex. App. LEXIS 2371, at *16 (Tex. App.—Austin Apr. 4, 2018); *Ogg v. Dillard's Inc.*, 239 S.W.3d 409, 420 (Tex. App.—Dallas 2007, pet. denied).
[42] *Brown v. ECCL 4:12, LLC*, No. 01-19-00504-CV, 2021 Tex. App. LEXIS 6026, at *20 (Tex. App.—Houston [1st Dist.] July 29, 2021).
[43] ECF No. 56 at 9, ¶ 31.
[44] ECF No. 56 at 10-11, ¶ 33.
[45] ECF No. 67 at 3.
[46] *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007).

the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence."[47] "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself."[48] Finally, the economic loss rule may still preclude recovery in cases where the parties have not directly contracted with each other.[49]

In this case, Plaintiff did not contract with Defendant directly. Instead, NSPS hired Defendant as project manager and ACC as its general contractor. Plaintiff then subcontracted with ACC. The Texas Supreme Court has clarified that the lack of a contractual arrangement between Plaintiff and Defendant will not bar application of the economic loss rule.[50] In fact, in *LAN/STV v. Martin K. Eby Constr. Co.,* the court specifically referenced construction disputes as an ideal situation to apply the economic loss rule between non-contracting parties due to the ability to allocate risk in related agreements.[51] Therefore, the third-party relationship between Plaintiff and Defendant alone is not sufficient to bar application of the economic loss rule.

Next, although Plaintiff asserts that the duties of negligent hiring and supervision are independent of Defendant's contractual obligation, it fails to expand on this proposition or cite any

---

[47] *Id.* at 12–13 (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)).
[48] *Stanley Indus. of S. Fla. v. J.C. Penney Corp., Inc*., No. 3:05-cv-2499-L, 2006 U.S. Dist. LEXIS 63109, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors*, Inc., 960 S.W.2d 41, 45-47 (Tex. 1998)).
[49] *See LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 248 (Tex. 2014) (holding that the economic loss rule can still be applicable in the absence of direct contract between parties); *see also Trebuchet Siege Corp. v. Pavecon Commer. Concrete, Ltd*., No. 05-12-00945-CV, 2014 Tex. App. LEXIS 9149, at *17 (Tex. App.—Dallas Aug. 19, 2014) ("The economic loss rule not only applies to bar claims against those in a direct contractual relationship but also applies to preclude tort claims between parties who are not in privity.").
[50] *LAN/STV*, 435 S.W.3d at 248.
[51] *See id*. ("[C]onstruction disputes . . . are good candidates for precluding recovery under the 'economic loss' rule, because the parties are in a position to protect themselves through bargaining.").

case law to support it. Plaintiff's argument seemingly relies on the premise that the claim is independent of contractual obligations simply because negligent hiring and supervision is an assumed duty of law. However, courts have repeatedly noted that claims for a breach of duty imposed by law, including negligent hiring claims, may still be subject to the economic loss rule if the injury is only the economic loss to the subject of the contract itself.[52] Therefore, the key inquiry is whether the economic loss was subject to the contract.

Here, the negligence alleged is not independent of Plaintiff's subcontract with ACC. The factual basis of Plaintiff's claims against ACC was that ACC failed to pay Plaintiff on-time, or at all, in violation of the terms of the contract between them. Plaintiff's claim against Defendant was premised on Defendant allegedly negligently hiring and supervising a general contractor who did not pay or timely pay Plaintiff. This claim rests solely on the economic harm Plaintiff suffered when ACC allegedly breached the subcontract with Plaintiff.

Accordingly, because the economic loss rule bars Plaintiff from recovering this loss from Defendant, Plaintiff's Claim A for negligent hiring and supervision as to Defendant Denham-Blythe Company, Inc. is dismissed with prejudice.

### 2. Plaintiff has not adequately pled violations of the Texas Property Code § 162 et. seq.

Plaintiff's Claim J alleges Defendant violated the Texas Construction Trust Fund Act ("*Act*").[53] The Act declares certain funds intended for improvements to real property situated in Texas "trust funds" for which a "trustee" is liable if the trustee misapplies the funds.[54] "The Act's

---

[52] *See Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 290 (Tex. App.—Dallas 2015) (holding that a negligent hiring and supervision claim was barred because the only loss was subject to the contract); *Escalona v. MC Charter, LLC*, No. 14-17-01008-CV, 2019 Tex. App. LEXIS 6633, at *11 (Tex. App.—Houston [14th Dist.] Aug. 1, 2019) (finding that the economic loss rule prevented recovery of damages under a negligent hiring claim).
[53] ECF No. 56 at 18.
[54] TEX. PROP CODE ANN. § 162.001; § 162.031

overarching purpose is to serve as a special protection for unpaid subcontractors and materialmen when contractors refuse to pay them for labor and materials."[55] A party who misapplies trust funds under the Act is subject to civil liability if: (1) the party breaches the duty imposed by the act; (2) with the requisite scienter; and (3) the claimants are within the class of people the act was designed to protect and have asserted the type of injury the act was intended to prohibit.[56]

Plaintiff alleges that Defendant owes Plaintiff a duty because Defendant "acted as the agent of NSPS with the authority to direct ACC and the Rozmans as to payment and non-payment to ACC's subcontractors."[57] Plaintiff further pleads that Defendant breached this duty by diverting trust funds as contemplated in the Act by advising NSPS to pay ACC pay applications.[58] Finally, Plaintiff pleads that it is an unpaid subcontractor.[59] In the Pending Motion to Dismiss, Defendant contends that Plaintiff's claim under the Act fails because 1) Defendant was not a "trustee" of any trust funds on the Project and thus did not owe a duty to Plaintiff; and 2) even Defendant did owe a duty, Defendant did not breach the duty by misapplying trust funds.[60] The Court will consider each in turn.

### a. Plaintiff has not sufficiently pled that Defendant was a trustee

Under the Act, only a "trustee" may misapply trust funds.[61] Because "trustee" is a legal conclusion defined by the Act,[62] Plaintiff must plead facts supporting such a conclusion.[63] Plaintiff

---

[55] *Dakota Util. Contractors, Inc. v. Sterling Commer. Credit, LLC*, 583 S.W.3d 199, 206 (Tex. App.—Corpus Christi 2018).
[56] *Id*. at 205.
[57] ECF No. 56 at 19, ¶ 96.
[58] *Id*.
[59] Id. at 7, ¶ 17.
[60] ECF No. 67 at 8.
[61] TEX.PROP.CODE ANN. § 162.031
[62] The Act defines a trustee as a "contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds." TEX. PROP. CODE ANN. § 162.002.
[63] *Iqbal*, 55 U.S. at 678.

does not plead that Defendant acted as a contractor, subcontractor, or owner but rather that Defendant acted as NSPS's agent on the Project. In order to be considered an agent under the Act, one must have: (1) authority to act on the principal's behalf; and (2) control."[64] When evaluating whether a party has the requisite control to be deemed an agent, the court considers if "those who could exercise power did so. . . ."[65]

As a preliminary matter, in its reply brief, Plaintiff contends that the Motion to Dismiss must be denied because the existence of an agency relationship is a fact question rather than a legal determination.[66] To support this, Plaintiff cites caselaw stating that agency is "generally" a question of fact.[67] However, this does not mean that mere assertions of an agency relationship will survive a motion to dismiss. Sufficient facts must be offered to support a reasonable inference that an agency relationship existed.[68] Therefore, this Court may properly analyze whether Plaintiff met its burden in pleading an agency relationship.

Here, Plaintiff fails to plead any facts alleging Defendant had authority to act on behalf of NSPS *itself*. Instead, Plaintiff asserts that Defendant's authority arises from its ability to "direct ACC and the Rozmans as to payment and nonpayment to ACC's subcontractors."[69] Plaintiff elaborates that "[Defendant] was in the chain of review" for NSPS and would "advise NSPS" on when to make payments.[70] This is not the "authority to act on the principal's behalf" as required to be a

---

[64] *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 589 (Tex. 2017).
[65] *Dakota Util. Contractors., Inc.*, 583 S.W.3d at 208 (quoting *C&G, Inc. v. Jones*, 165 S.W.3d 450, 455 (Tex. App.—Dallas [5th Dist.] 2005)).
[66] ECF No. 107 at 3, ¶ 4.
[67] *Ross v. Tex. One P'ship*, 796 S.W.2d 206, 209 (Tex. App.—Dallas 1990).
[68] *Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 U.S. Dist. LEXIS 102449, at *17 (E.D. Tex. 2019) ("'Agency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts.'") (quoting *Mauer v. American Intercontinental Uni., Inc.*, No. 16 C 1473, 2016 U.S. Dist. LEXIS 120451, 2016 WL 4651395, at *2 (N.D. Ill. Sept. 7, 2016)).
[69] ECF No. 56 at 19, ¶ 96; *see also* ECF No. 56 at 7, ¶ 14 ("ACC submitted the ACC [sic] pay applications to ATE [sic], who in turn submitted them to Denham, who then submitted them to NSPS.").
[70] ECF No. 56 at 7, ¶ 14.

legal agent, but simply the ability to advise NSPS. Additionally, as Defendant points out in its Motion to Dismiss, Plaintiff's own Complaint reveals NSPS hired ATE against the advice of Defendant.[71] This further demonstrates that Defendant lacked direct control over the decision.

Since Defendant did not possess authority to act on behalf of NSPS or control over the funds, Defendant cannot be classified as an agent of NSPS with respect to ACC. As previously stated, the only theory plead by the Plaintiff was that Defendant was a trustee because it served as an agent to NSPS. Consequently, Plaintiff has failed to properly allege Defendant owed a duty under the Act and has failed to state a mandatory element of a claim for violation of the Act.

### b. Plaintiff has not sufficiently pled that Defendant misapplied trust funds

"A trustee misapplies trust funds if it 'intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust fund.'"[72] "'Current or past due obligations' are those obligations incurred or owed by the trustee for labor or materials furnished in the direct prosecution of the work under the construction contract prior to the receipt of the trust funds and which are due and payable by the trustee no later than 30 days following receipt of the trust funds."[73]

As previously analyzed, Plaintiff has not met its burden in demonstrating that Defendant owed a duty to Plaintiff. However, even if Defendant did owe a duty to Plaintiff as trustee over trust funds, Plaintiff's claim still fails as a matter of law because Plaintiff does not plead facts meeting the requisite scienter for a misapplication of trust funds. Again, the only allegation

---

[71] *See* e.g. ECF No. 56 at 5, ¶¶ 7-8 (NSPS's decision to hire ACC despite Defendant's explicit advice to the contrary); ¶ 14 (While Defendant was in the chain of review for payment approvals, Defendant was responsible only for submitting those applications to NSPS and advising them on how much to pay.)
[72] *Dealers Elec. Supply Co. v. Scoggins Constr. Co*., 292 S.W.3d 650, 657 (Tex. 2009) (citing TEX. PROP. CODE ANN. § 162.031.).
[73] TEX. PROP. CODE ANN. § 162.005(2).

addressing the means by which Defendant specifically misapplied the trust funds states that Defendant diverted trust funds by "advising NSPS to pay ACC applications." The Amended Complaint also makes numerous general allegations as to "each defendant or "all defendants," but again fails to provide any factual content to support a plausible claim. Thus, Plaintiff has failed to properly allege Defendant misapplied trust funds under the Act and cannot state a mandatory element of a claim for violation of the Act.

Accordingly, Plaintiff's Claim J for violations of the Texas Construction Trust Fund Act[74] as to Defendant Denham-Blythe Company, Inc. is dismissed with prejudice.

### 3. Plaintiff has not adequately pled breach of a fiduciary duty

Finally, Plaintiff brings Claim L against Defendant for breach of a fiduciary duty.[75] The elements for a breach of a fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) breach of a fiduciary duty; (3) causation; and (4) damages.[76] Plaintiff pleads that Defendant "had a fiduciary duty to ATE insofar as and to the extent that each defendant had custody or control over trust funds under Tex. Prop Code § 162 et. seq."[77] As analyzed previously, Defendant was not a trustee and did not owe a fiduciary duty to Plaintiff under this statute. Since Plaintiff does not allege any further sources of fiduciary duty, the claim will fail.

Accordingly, Plaintiffs Claim L for breach of a fiduciary duty as to Defendant Denham-Blythe, Inc. is dismissed with prejudice.

---

[74] ECF No. 56 at 18.
[75] *Id*. at 21.
[76] *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).
[77] ECF No. 56 at 21, ¶ 109.

### C. Motion to Amend

In its Reply, Plaintiff asks in the alternative for leave to replead.[78] Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires.[79] This leave to amend, however, is by no means automatic.[80] To take advantage of this rule, "the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'"[81] When analyzing a motion to amend, "the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment . . . ."[82]

Here, Plaintiff failed to set forth with sufficient particularity the grounds for the amendment. In its Reply, the only reference is on the last line stating "[a]lternatively, plaintiff asks for leave to replead."[83] This statement is insufficient to constitute a request for leave to amend under Rule 15(a). As the Fifth Circuit has noted, "a bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which the amendment is sought, cf. Fed. R. Civ. P. 7(b) – does not constitute a motion within the contemplation of Rule 15(a)."[84] Furthermore, the Plaintiff failed to offer any additional basis to replead at the hearing but simply reiterated its request.

Additionally, Plaintiff has already had the opportunity to amend its complaint once. Plaintiff's Initial Complaint contained two causes of action against Defendant specifically: (1) Cause A

---

[78] ECF No. 107 at 6.
[79] FED. R. CIV. P. 15(a).
[80] *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991).
[81] *Douglas v. Dephillips*, 740 F. App'x 403, 406 (5th Cir. 2018) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 386-87 (5th Cir. 2003)).
[82] *Lee v. Choudhri (In re Briar Bldg. Hous. LLC)*, Nos. 18-32218, 20-3398, 2021 Bankr. LEXIS 1603, at *32 (Bankr. S.D. Tex. 2021).
[83] ECF No. 107 at 6.
[84] *Willard*, 336 F.3d at 387.

— Negligent Hiring and Supervision; (2) Cause J — Violation of the Texas Property Code § 162 et seq.[85] Defendant timely moved to dismiss the Initial Complaint before Plaintiff filed its Amended Complaint.[86] In the Amended Complaint, Plaintiff failed to address many of the same issues raised by Defendant in its First Motion to Dismiss. For example, in the First Motion to Dismiss, Defendant argued that Plaintiff "fails to allege [Defendant] was a contractor, subcontractor, owner, or an officer, director, or agent thereof."[87] In the Amended Complaint, Plaintiff responded by stating "[o]n information and belief, at all material times – vis a vis ACC, and the Rozmans – [Defendant] acted as the agent of NSPS with the authority to direct ACC and the Rozmans as to payment and non-payment to ACC's subcontractors."[88] As discussed supra, this bare bones allegation fails to provide any factual detail as to exactly how Defendant was an agent of NSPS. Another issue raised by Defendant in its Initial Motion to Dismiss was that Plaintiff "does not allege conduct meeting the requisite scienter for a misapplication of trust funds."[89] However, anticipating that Plaintiff might argue that Defendant misapplied the trust funds by advising NSPS, Defendant raised the very same arguments undermining this assertion in both its First Motion to Dismiss and the instant Motion to Dismiss. Still, Plaintiff failed to plead a plausible claim. Finally, the addition to the Amended Complaint of Cause L – Breach of a Fiduciary Duty carries little weight. This basis of this claim is that duty was owed under Tex. Prop. Code § 162 et seq. The same elements that Defendant argued in both motions to dismiss, and that Plaintiff failed to plausibly allege, are elements required in Cause L to defeat a motion to dismiss.

    Accordingly, Plaintiff's motion to amend the complaint for a second time is denied.

---

[85] ECF No. 1
[86] ECF No. 24.
[87] ECF No. 24 at 6.
[88] ECF No. 56 at 19, ¶ 96.
[89] ECF No. 24 at 10.

## IV. Conclusion

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED September 29, 2021

Eduardo Rodriguez
United States Bankruptcy Judge